Roberta S. Savage (SBN 202940)
221 G Street, Suite 207
Davis, CA 95616
tel (530) 753-4497
fax (530) 753-4498

Attorney for
A.B.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

A.B., a minor, By and Through          CASE NO.
W.F.B.,  His Guardian Ad Litem,
                                       COMPLAINT
           Plaintiff,
                                       [20 U.S.C. § 1415]
v.

SAN FRANCISCO UNIFIED
SCHOOL DISTRICT,
                Defendant.
_____/

    NOW COMES Plaintiff A.B., a minor by and through W.F.B., his Guardian Ad Litem, for

a complaint against Defendant SAN FRANCISCO UNIFIED SCHOOL DISTRICT (*hereinafter*

"DISTRICT") and alleges as follows:

PRELIMINARY STATEMENT

    1.  This action is brought pursuant to Section 1415(i)(2)(A) of Title 20 of the United States

Code, also referred to as the Individuals With Disabilities Education Act (*hereinafter* "IDEA").  (20

U.S.C. §1415(i)(2)(A).  *See generally* 20 U.S.C. §§ 1400 *et seq*.).  Plaintiff has been aggrieved by

a hearing decision rendered by the California Office of Administrative Hearings on or about June

18, 2007.  It was mailed out on June 22, 2007,  and received by Plaintiff on or about June 25, 2007.

//

//

1

<u>JURISDICTION AND VENUE</u>

2    2.  This action arises under the laws of the United States,  (*See* 20 U.S.C. §1415(i)(3)(A),)

3 and the State of California (*See* CAL. EDUC. CODE § 56507(b) & (d).)  Jurisdiction is conferred on

4 this Court pursuant to 28 U.S.C.§1331 and 28 U.S.C. § 1367(a).

5    3.  Venue is proper in this Court under 28 U.S.C. § 1391(b).  Plaintiff and Defendants reside

6 within the County of San Francisco, in the Northern District of California, and all of the events that

7 are the subject of this complaint took place within the Northern District of California.

8    <u>PARTIES</u>

9    4.  Plaintiff is a citizen of the United States.  Plaintiff resides with his mother, W.F.B., in the

10 County of San Francisco, within the boundaries of Defendant's educational jurisdiction, and is a

11 student in said San Francisco County.  Plaintiff is a child diagnosed with Autism, and is eligible for

12 special education and related services pursuant to IDEA, and Sections 56000 et seq. of the California

13 Education Code.

14    5.  The DISTRICT is a public entity organized and existing under the laws of the State of

15 California, with the capacity to be sued.  The DISTRICT receives federal funds from the United

16 States Department of Education pursuant to IDEA, and is required to provide a free and appropriate

17 public education in the least restrictive environment to all disabled children whose parents reside

18 within the DISTRICT's educational boundaries.

19    <u>STATUTORY SCHEME UNDER IDEA</u>

20    6.  IDEA (formerly known as the Education For All Handicapped Children Act, P.L. 94-142)

21 was adopted in 1975 to ensure that all children with qualifying disabilities receive a public school

22 education.  In adopting IDEA, Congress found that over one million disabled children were not

23 receiving an appropriate education, and the "more than one-half of the children with disabilities in

24 the United States did not receive appropriate educational services that would enable such children

25 to have full equality of opportunity...1,000,000 of the children with disabilities in the United States

26 were excluded entirely from the public school system and did not go through the educational process

27

28

with their peers...there were many children with disabilities throughout the United States participating in regular school programs whose disabilities prevented such children from having a successful educational experience because their disabilities were undetected...because of the lack of adequate services within the public school system, families were often forced to find services outside the public school system, often at great distance from their residence and at their own expense." (20 U.S.C. § 1400(c)(2)(B-E).) Therefore, Congress adopted IDEA "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." (20 U.S.C. § 1400(d).)

7. Educational programs for handicapped children are designed and implemented through Individualized Education Programs (IEPs) which contain, among other things, statements of the following: the child's present levels of educational performances, annual goals and short term objectives, and the specific educational services to be provided to the child and the extent to which the child will be educated in regular education programs. (20 U.S.C. § 1414(d).) In addition, Congress required that educational programs for handicapped children be implemented, to the maximum extent appropriate, in the regular educational environment and that no handicapped child be removed to special classes or separate schools, unless, with the use of supplementary aids and services, the child cannot be educated satisfactorily in the regular education environment. (20 U.S.C. § 1412(a)(5).)

8. Pursuant to 20 U.S.C. § 1415(b)(6), whenever a parent disagrees with a proposed individualized education program, for example, the parent may file a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child. Pursuant to 20 U.S.C. § 1415(f)(1), whenever such a complaint has been received, the parent shall have an opportunity for an impartial due process hearing which shall be conducted by the State education agency. As required by IDEA, California has established an impartial due process hearing procedure through the California Office

of Administrative Hearings, Sacramento, California.

## STATEMENT OF RELEVANT FACTS

9.  A.B. has been receiving special education services from the District since he was in preschool.

10.  Pursuant to his IEP, A.B. attended a special day class for preschool from approximately March 1999 through July 2001 at John Muir Elementary School.

11.  Pursuant to his IEP, A.B. has attended kindergarten through fifth grade at Alamo Elementary School in a general education class as an inclusion student.

12.  Extended school year services generally refer to services provided during the summer months of June, July and August.

### *2003-2004 school year (2nd Grade)*

13.  A.B.'s special education program for his second grade school year was developed in an IEP team meeting dated March 26, 2003, during his first grade year.

14.  W.F.B. provided input into the development of this IEP via correspondence dated March 18, 2003, which sought the development of additional goals and services.  The information provided in this statement was substantially similar to the information W.F.B. presented the District on March 19, 2002.

15.  A.B. had significant behavioral problems during the 2003-2004 school year.

16.  Administrative Law Judge Deidre Johnson found that the District should have conducted an assessment of A.B.'s behavioral needs during the 2003-2004 school year.

17.  W.F.B. provided A.B. with supplementary services during the 2003-2004 school year in the areas of speech and language therapy, behavioral consultation, and music therapy.  A.B. was privately assessed by Dr. Vincent Nunno in approximately May of 2004.

18.  The District failed to make a clear written offer of placement to A.B. for 2004 extended school year services.

19.  W.F.B. gave written notice and privately funded educational services to A.B. during the

2004 extended school year.  She also indicated that she intended to seek reimbursement.

20.  The District did not provide prior written notice as required by 20 U.S.C. § 1415 to W.F.B. regarding the services she requested for the 2004 extended school year, and her request for a functional behavior assessment, and an aide during the 2003-2004 school year.

21.  The speech and language therapist that provided A.B. with speech and language therapy services did not participate in the development of A.B.'s IEP for that year.

22.  The District did not make a clear written offer of placement of social skills therapy to A.B. at the March 26, 2003 IEP team meeting.

### *2004-2005 school year (3rd Grade)*

23.  The IEP for A.B.'s third grade school year was developed at IEP team meetings dated March 16, May 5 and 18, 2004, during his second grade year.

24. W.F.B. provided written input into this IEP in a document dated March 16, 2004 as well as the Neuropsychological evaluation conducted by Dr. Vincent Nunno.

25. W.F.B. provided A.B. with supplementary services during the 2004-2005 school year in the areas of speech and language therapy, behavioral therapy, social skills therapy, and music therapy.  A.B. was privately assessed by Dr. Tina Guterman in approximately June of 2005.

26.  The District failed to make a clear written offer of placement to A.B. for 2005 extended school year services.

27. W.F.B. provided written notice and privately funded services to A.B. during the 2005 extended school year.  She also indicated that she intended to seek reimbursement.

28.  The District did not provide prior written notice as required by 20 U.S.C. §1415 to W.F.B. regarding the services she requested for the 2005 extended school year, the request for a comprehensive assessment, her written request for changes to A.B.'s IEP outlined in her March 16, 2004 correspondence, as well as those identified in Dr. Nunno's report.

29.  Administrative Law Judge Deidre Johnson found that the speech and language and occupational therapy assessments that were conducted by the District in the Winter/Spring of 2005

were inappropriate.

30.  The speech and language therapist and full inclusion specialist that worked with A.B. during third grade were not the same individuals that developed his IEP during his second grade year.

### 2005-2006 school year (4th Grade)

31.  W.F.B. provided A.B. with supplementary services during the 2005-2006 school year in the areas of speech and language therapy, behavioral therapy, social skills therapy, interactive metronome therapy, Lindamood-Bell Learning Processes intervention and music therapy. Alexander was privately assessed in the area of occupational therapy during this year.

32.  The IEP for A.B.'s fourth grade year was developed at IEP team meetings dated March 23, May 6 and 25, 2005.  As in prior years, W.F.B. provided input to the IEP in a written document dated March 23, 2005, she also included specific objections to the IEP on it.

33.  During the summer of 2005, the District agreed to conduct a functional behavior assessment during A.B.'s fourth grade year.

34. Administrative Law Judge Deidre Johnson found that the District's functional behavior assessment was inappropriate and untimely.

35. During the summer of 2005, the District agreed that it would conduct a comprehensive psycho-educational assessment of A.B.  This assessment has never been completed.

36.  The speech and language therapist and full inclusion specialist that provided A.B. with services during his fourth grade year were not the same individuals that developed his IEP during his third grade year.

37.  The District failed to make a clear written offer of placement to A.B. for 2006 extended school year services.

38.  W.F.B. provided written notice and privately funded services to A.B. during the 2006 extended school year.  She also indicated that she intended to seek reimbursement.

39.  The District did not provide prior written notice, as required by 20 U.S.C. § 1415  to W.F.B. regarding the services she requested for the 2006 extended school year, the failure to conduct the agreed upon psycho-educational assessment, regarding her input to the IEP as provided in her written statement dated March 23, 2005, and her failure to consent to specific portions of A.B.'s IEP.

### *2006-2007 school year (5th Grade)*

40.  The IEP developed for A.B.'s fifth grade year was developed at IEP team meetings dated March 9 and May 2, 2006, during his fourth grade year.

41.  This was the only year that A.B. had the same speech and language therapist as he had the year before.

42.  This was the only year that A.B. had the same full inclusion specialist that he had the year before.

43.  W.F.B. continued to supplement A.B.'s special education program during the 2006-2007 school year with Quest Therapeutic Camps, Lindamood-Bell Learning Processes intervention, Interactive Metronome and music therapy.

44.  A.B. filed for a due process hearing on October 6, 2006.  An amended request was filed on November 22, 2006.  The due process hearing challenged all components of the District's program for A.B. during the relevant time period relating to assessments, goals and objectives, services and supports and compliance with procedural safeguards.  The requested remedy was reimbursement for various educational services and therapies and assessments.

45.  The administrative hearing occurred on February 27 and 28, 2007, March 1,2,5,6, and7, 2007, April 11 and 12, 2007.

46. The decision was signed by Administrative Law Judge Deidre Johnson on June 18, 2007.  It was mailed to the parties on June 22, 2007.

47.  Administrative Law Judge Deidre Johnson found that the District partially provided A.B. with a free, appropriate public education during all relevant times.  She ordered

reimbursement for A.B.'s participation in the summer of 2004 at Quest Therapeutic Camps, 17.5 hours of speech and language therapy, the neuropsychological assessment conducted by Dr. Nunno, comprehensive assessments in the area of speech and language therapy and occupational therapy, and that an IEP team meeting be held to discuss those results. She denied A.B.'s remaining requests for reimbursement. Neither party sought assessments as a remedy.

CAUSE OF ACTION
(20 U.S.C. §1415)
(Claim For Relief against DISTRICT)

48. Plaintiff realleges paragraphs 1 through 47, inclusive, as set forth above and incorporates the same as if fully set forth herein.

49. The Administrative Law Judge failed to conduct an appropriate legal analysis in determining that the DISTRICT, at least partially, provided A.B. with a free, appropriate public education during the 2003-2004, 2004-2005, 2005-2006, and 2006-2007 school years, including the 2004, 2005, and 2006 extended school years. Specifically, she incorrectly analyzed (a) the three-year statute of limitations, (b) what procedural and substantive violations constitute a denial of an appropriate program, ( c) what constitutes a clear written offer of placement, (d) the standard for parental reimbursement, (e) prior written notice, (f) the requested remedy, and (g) when and how an extended school year offer must occur.

50. The Administrative Law Judge failed to analyze the appropriate facts in making her determination that the DISTRICT partially provided appropriate educational services to A.B. during the years relevant to this matter.

51. The Administrative Law Judge made incorrect and inconsistent findings of fact in reaching her decision. The facts were not consistent with the evidence presented.

52. The Administrative Law Judge incorrectly applied the facts to the law related to the issues of the statute of limitations, what procedural and substantive violations constitute a denial of an appropriate program, what constitutes a clear written offer of placement, when and how an offer of services for extended school year must occur, when and how prior written notice is required, the

1    standard for parental reimbursement, and the requested remedy.

2        53.  The Administrative Law Judge's decision is not entitled to deference due to the failure

3    to conduct appropriate legal analyses and the failure to make appropriate findings of fact.

4        54.  The Administrative Law Judge failed to conduct a timely hearing and failed to conduct

5    the hearing in an appropriate location for all days.

6        55. Plaintiff will suffer grave, and irreparable harm for which no other adequate legal remedy

7    exists if the decision of the California Office of Administrative Hearings is not set aside, in part, and

8    specific findings made that are consistent with the provisions of IDEA, California law, and legal

9    precedent in this jurisdiction.

10       56.  Plaintiff has exhausted all administrative remedies pursuant to 20 U.S.C. §1415.

11

12                                  PRAYER

13       WHEREFORE, Plaintiff respectfully prays for the following relief:

14       1.  For an order that specific findings of Administrative Law Judge Deidre Johnson's decision

15   be set aside on all issues that the District prevailed;

16       2.  That specific findings be made that are consistent with the provisions of IDEA , including

17   but not limited to, a finding that A.B. was denied a free, appropriate public education at all times,

18   that his mother is entitled to reimbursement for all educational services that she provided A.B. during

19   the relevant time period;

20       3.  That specific findings be made that are consistent with the provisions of the California

21   Education Code, including but not limited to, the District failed to provide A.B. with a free,

22   appropriate public education during all relevant times and that his mother is entitled to

23   reimbursement for all educational services that she provided A.B. during the relevant time period;

24       4.   For reasonable attorney fees and costs as a prevailing party in the underlying

25   administrative action pursuant to 20 U.S.C. §1415 and California Education Code § 56507 (d);

26       5.  For reasonable attorney fees and costs in bringing and prosecuting this appeal pursuant

27

to 20 U.S.C. §1415; and

6. For such other relief as this Court may deem just and proper.

Respectfully submitted,

ROBERTA S. SAVAGE

Attorney for Plaintiff, A.B.


Dated: September 13, 2007          By:  _____

Roberta S. Savage

1  to 20 U.S.C. §1415; and

2         6.  For such other relief as this Court may deem just and proper.

3                                    Respectfully submitted,

4                                    ROBERTA S. SAVAGE

5                                    Attorney for Plaintiff, A.B.

6

7  Dated: September 13, 2007          By: _____

8                                    Roberta S. Savage

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                        A.B., v. San Francisco Unified School District
                                   Case No. Unassigned
                                      Complaint
                                       Page 10