```
1   Roberta S. Savage (SBN 202940)
    221 G Street, Suite 207
2   Davis, CA 95616
    tel (530) 753-4497
3   fax (530) 753-4498
4
5
6
    Attorney for
7   A.B.
```

8      IN THE UNITED STATES DISTRICT COURT

9      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| A.B., a minor, By and Through W.F.B., His Guardian Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br>Defendant.<br>_____/ | CASE NO. 07-4738 PJH<br><br>*EX PARTE* APPLICATION FOR ORDER TO FILE UNDER SEAL AFFIDAVIT OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION TO PROTECT PLAINTIFF'S RIGHT TO PRIVACY BY PROCEEDING UNDER A PSEUDONYM<br><br>Memorandum of Points and Authorities Contained Herein and Declaration in Support of Application Filed Concurrently Herewith |
|---|---|

On behalf of Plaintiff A.B. by and through his Guardian Ad Litem, W.F.B., Roberta S. Savage, counsel for Plaintiff, hereby moves this Court for an order allowing Plaintiff to file under seal "Affidavit of Counsel in Support of Plaintiff's Motion to Protect Plaintiff's Right to Privacy By Proceeding Under a Pseudonym" dated September 13, 2007 and filed September 14, 2007. This motion is based upon all papers and pleadings filed in this matter, the following points and authorities, and the separately filed Affidavit of Counsel, which Plaintiff seeks to have filed under seal and which reveals the full names of Plaintiff and his Guardian Ad Litem.

MEMORANDUM OF POINTS AND AUTHORITIES

The instant case was filed against Defendant SAN FRANCISCO UNIFIED SCHOOL

A.B. v. SAN FRANCISCO UNIFIED SCHOOL DISTRICT
Case No. 07-4738 PJH
*Ex Parte* Application for Order to File Under Seal Affidavit of Counsel in Support of Plaintiff's Motion to Protect Plaintiff's Right to Privacy By Proceeding Under a Pseudonym
Page 1

DISTRICT pursuant to the Individuals with Disabilities Education Act (*hereinafter* "IDEA"). (*See generally* 20 U.S.C. §§1400 et seq.). As alleged in the complaint, Plaintiff is an eleven year old child with a disability. Plaintiff and his Guardian Ad Litem wish to proceed with this case under the names "A.B." and "W.F.B.," respectively, so that Plaintiff's privacy rights will be protected. Plaintiff and his Guardian Ad Litem also request that no documents be filed on the public record with their full names and/or other personally identifiable information.

      Plaintiff, as a minor middle school student and a child with a disability, has a constitutionally and statutorily protected privacy interest in avoiding disclosure of personal matters, such as educational records and medical records. (*See e.g.* Norman-Bloodsaw v. Lawrence Berkeley Laboratory, 138 F.3d 1260, 1273-74 (9th Cir. 1998) (constitutional right to privacy). The statutory protections are guaranteed by the IDEA and the federal regulations promulgated thereunder (34 C.F.R. §§300.560-576 (confidentiality of student's records)), as well as the Family Educational Rights and Privacy Act of 1974 (*hereinafter* "FERPA"), as amended, Section 1232g(b) of Title 20 of the United States Code and the federal regulations promulgated thereunder, commencing at Section 99.1 of Title 34 of the Code of Federal Regulations (20 U.S.C. §1232g(b); 34 C.F.R. §§ 99.1 *et seq*. (Subparts A and D). The phrase "personally identifiable information" is defined similarly, both in the IDEA regulations and FERPA regulations, as including the student's name; the student's address, the name of the student's parent or other family member; a personal identifier, such as a social security number or student number; a list of personal characteristics or other information that would make it possible to identify the student. (*See* 34 C.F.R. §300.500 (IDEA); *see also* 34 C.F.R. §99.3 (FERPA).).

      The Affidavit of Counsel was lodged in support of Plaintiff's Application for Order to Protect Plaintiff's Right to Privacy by Proceeding Under a Pseudonym". While Local Rule 3-17(a)(2) requires that only the initials of that child should be used where the involvement of a minor child must be mentioned in a pleading, Plaintiff believes that the Court needs to have the

personally identifiable information contained in the Affidavit of Counsel as necessary background information in order to consider that application.

Defendant will not be prejudiced by allowing Plaintiff to file the Affidavit of Counsel under seal, because Defendant will be served with the Affidavit of Counsel, which identifies the full names of Plaintiff and his Guardian Ad Litem. Defendant has personal knowledge of the identity of Plaintiff and his family and the dispute. Requiring documents to be filed under seal will not in any way prejudice Defendant. Finally, although the public, generally, has an interest in the actions brought before the federal courts, Plaintiff's privacy interest outweighs the public interest, and the public has no interest in the identity of the named Plaintiff that outweighs the Plaintiff's interest in keeping sensitive information confidential.

Accordingly, Plaintiff requests that the Court enter an order that Plaintiff be permitted to file under seal the "Affidavit of Counsel in Support of Plaintiff's Motion to Protect Plaintiff's Right to Privacy By Proceeding Under a Pseudonym" dated September 13, 2007 and filed September 14, 2007.

Respectfully Submitted,

ROBERTA S. SAVAGE

Attorney for Plaintiff A.B.

Dated: September 19, 2007           By: _____
                                         Roberta S. Savage