Roberta S. Savage, SBN 202940
roberta@robertasavagelaw.com
221 G. Street, Suite 207
Davis, California 95616
Phone: 530-753-4497
Fax: 530-753-4498

Attorney for Plaintiff, A.B.

Kimberly A. Smith, SBN 176659
ksmith@fagenfriedman.com
Emilia C. Huntley, SBN 234343
ehuntley@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Phone: 323-330-6300
Fax: 323-330-6311

Attorneys for Defendant, SAN FRANCISCO UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| A.B. a minor, By and Through W.F.B., His Guardian Ad Litem,<br><br>Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. C 07-4738 PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**[Northern District of California Civil Local Rule 16-9]** |

Pursuant to Northern District of California Civil Local Rule 16-9, Plaintiff, A.B. ("Plaintiff") and defendant SAN FRANCISCO UNIFIED SCHOOL DISTRICT ("District") hereby submit their joint case management statement in this matter.

/ / /

/ / /

/ / /

1.  **JURISDICTION AND SERVICES**

This case arises under the Individuals with Disabilities Education Act ("IDEA"), Section 1400 et seq. of Title 20 of the United States Code. The Court therefore has federal question subject matter jurisdiction pursuant to Section 1331 of Title 28 of the United States Code. Defendant District has been served and filed an answer in this action.

2.  **FACTS**

Plaintiff is an eleven year old student who resides within the geographical boundaries of the District. In September 2001, Plaintiff entered kindergarten at Alamo Elementary where he attended through the 2006-2007 school year (fifth grade). During this time, Plaintiff was a student eligible for special education and related services based on autistic-like behavior. While at Alamo, Plaintiff attended school in a general education classroom while receiving services from the District pursuant to an individualized education plan ("IEP").

Plaintiff contends that the assessments performed by the District, goals and objectives developed by the District and the services provided by the District during the 2002-2003, 2003-2004, 2004-2005 and 2005-2006 school years, and corresponding extended school years, were inadequate to address Plaintiff's specific needs. As a result, Plaintiff's parent obtained assessments and services on her own, at her own expense, throughout this time period. On several occasions, Plaintiff's parent requested reimbursement from the District for the assessments and services she had procured and provided to Plaintiff. The District denies that it failed to provide Plaintiff with a free appropriate public education during the relevant time period or that it must reimburse Plaintiff's parent for the assessments and services which she procured on her own.

3.  **LEGAL ISSUES**

This is an appeal from the decision of an administrative law judge Deidre L. Johnson ("ALJ") in a special education case "due process" proceeding. In that case, the ALJ considered the following legal issues:

1. Did District fail to assess Student in all areas related to his suspected disability of autistic-like behavior for the 2003-2004 school year (second grade), the 2004-2005 school year (third grade), the 2005-2006 school year (fourth grade), and the 2006-2007 school year (fifth grade) as follows:

   A. Failure to assess Student's behavior needs (all years), including failure to conduct a functional behavior analysis assessment for the 2003-2004 and 2004-2005 school years?

   B. Failure to conduct a neuropsychological or psychoeducational assessment of Student for the 2004-2005 and 2005-2006 school year?

   C. Failure to assess Student's communication, sensory and motor needs (all years except the 2004-2005 school years [sic]), attention, reading, and academic weaknesses (all years except the 2003-2004 school year), auditory processing needs (all years except the 2003-2004 and 2004-2005 school years, and social skills needs (all years)?

2. Were District's communication, sensory motor, and auditory processing assessments appropriate?

3. Was District's functional behavior assessment for the 2005-2006 school year appropriate and timely?

4. Did District deny Student a free appropriate public education (FAPE) for the 2003-2004 school year (second grade), the 2004-2005 school year (third grade), the 2005-2006 school year (fourth grade), and the 2006-2007 school year (fifth grade) by failing to provide him with appropriate education and related services to address his unique needs related to autism, as follows:

   A. Failure to develop requisite annual goals in the following areas of need: communication, sensory and motor, attention, reading, academic, weakness, auditory processing, and social skills (all years)?

   B. Failure to offer or provide an IEP that included appropriate designated instruction, services and supports, as follows: social skills training, speech and language therapy, behavior support, a trained aide, occupational therapy, and music therapy (all years), and academic skills intervention (all years except 2003-2004)?

   C. Failure to make a clear written offer of placement for speech and language therapy (2003-2004 school year), integrated play groups (2003-2004 school year), and the 2004, 2005, and 2006 extended school years (ESY)?

   D. Failure to provide prior written notice of District's refusals to initiate assessments or to initiate or make changes to Student's placement in response to Parent's requests (all years)?

Plaintiff contends that the ALJ wrongly decided the issues that were determined in favor of the District pursuant to the IDEA and the California Education Code. While the District failed to prevail on all issues, it does not challenge the decision of the ALJ.

### 4. MOTIONS

There are no prior or pending motions between Plaintiff and the District. The Parties intend to file cross motions for summary judgment which should resolve all the issues in this case, other than attorneys' fees.

### 5. AMENDMENT OF PLEADINGS

The parties currently have no plans to amend the pleadings to add or dismiss parties, claims or defenses from this action.

### 6. EVIDENCE PRESERVATION

This case is proceeding as an appeal from an administrative decision and the parties currently do not believe that they will be supplementing the administrative record. Plaintiff has obtained a copy of the transcripts, evidence and pleadings from the underlying administrative "due process" proceeding and will lodge the record with the Court.

The parties will review the record to determine if the copy is complete. If the record is incomplete, the parties will work together to obtain a complete copy prior to the record being lodged.

### 7. DISCLOSURES

The parties certify that they have discussed the requirements of Federal Rules of Civil Procedure, Rule 26(a), with respect to initial disclosures. Because the parties currently believe that all relevant documents are contained in the administrative record and do not intend to supplement the record, no initial disclosures are required. Fed.R.Civ.Proc. 26(a)(I)(E)(i).

/ / /

/ / /

/ / /

**8. DISCOVERY**

Because the parties currently believe that all relevant documents are contained in the administrative record and do not intend to supplement the record, no discovery is planned at this time. The parties reserve the right, however, to conduct discovery should either party seek to supplement the record for any reason.

**9. CLASS ACTIONS**

At present, this matter is not proceeding as a class action.

**10. RELATED CASES**

There are no cases related to this matter.

**11. RELIEF**

Plaintiff seeks the following relief:

(a) For an order that specific findings of Administrative Law Judge Deidre Johnson's decision be set aside on all issues that the District prevailed;

(b) That specific findings be made that are consistent with the provisions of the IDEA, including but not limited to, a finding that Plaintiff was denied a free, appropriate public education at all times, and that his mother is entitled to reimbursement for all educational services that she provided Plaintiff during the relevant time period;

(c) That specific findings be made that are consistent with the provisions of the California Education Code, including but not limited to, the District failed to provide Plaintiff with a free, appropriate public education during all relevant times and that his mother is entitled to reimbursement for all educational services that she provided Plaintiff during the relevant time period;

(d) For reasonable attorney's fees and costs as a prevailing party in the underlying administrative action pursuant to 20 U.S.C. § 1415 and California Education Code § 56507(d); and

(e)     For reasonable attorney's fees and costs in bringing and prosecuting this appeal pursuant to 20 U.S.C. § 1415.

**12.   SETTLEMENT AND ADR**

The parties previously participated in mediation as part of the administrative proceeding. The District served a Rule 68 offer of judgment which Plaintiff did not accept. The parties seek to participate in a settlement conference with a magistrate judge to further explore the possibility of settlement of this case.

The parties are scheduled to participate in an ADR phone call on December 18, 2007.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to the reassignment of this case to a magistrate judge for all purposes.

**14.   OTHER REFERENCES**

The parties do not believe that this matter is appropriate for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

The parties believe they may be able to stipulate to certain facts in the administrative record and will work to do so prior to any briefing on the issues.

**16.   EXPEDITED SCHEDULE**

The parties believe that this case does not warrant an expedited schedule.

/ / /

/ / /

/ / /

17. **SCHEDULING**

The parties propose the following dates for this matter:

| Action | Proposed Completion |
|---|---|
| Cross-Motions for Summary Judgment filed | April 16, 2008 |
| Oppositions to Motions for Summary Judgment filed | May 14, 2008 |
| Replies for Motions for Summary Judgment filed | May 28, 2008 |
| Hearing on Motions for Summary Judgment | June 25, 2008 |
| Trial/Motion on Attorneys' Fees | August 25, 2008 |

18. **TRIAL**

The parties expect to resolve all issues, other than attorneys' fees, in this case via the cross-motions for summary judgment. However, if the Court deems necessary, and to address the issue of attorneys fees, if any, to which Plaintiff may be entitled, the parties recommend that a one day bench trial be scheduled for August 25, 2008.

/ / /

/ / /

/ / /

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Pursuant to Local Rule 3-16, the undersigned attorney for Plaintiff certifies that as of this date, other than the named parties, there is no such interested party to report.

As a public agency, the Defendant District in this action is not required to file the "Certification of Interested Entities or Person" called for in Civil Local Rule 3-16.

DATED: December 12, 2007          LAW OFFICES OF ROBERTA S. SAVAGE


By:   /s/ Roberta S. Savage
      Roberta S. Savage
      Attorneys for Plaintiff, A.B.


DATED: December 12, 2007          FAGEN FRIEDMAN & FULFROST, LLP


By:   /s/ Kimberly A. Smith
      Kimberly A. Smith
      Attorneys for Defendant, SAN FRANCISCO
      UNIFIED SCHOOL DISTRICT

I, Kimberly A. Smith, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. In compliance with General Order 45, X.B., I hereby attest that Roberta S. Savage has concurred in this filing.

DATED: December 12, 2007          FAGEN FRIEDMAN & FULFROST, LLP


By:   /s/ Kimberly A. Smith
      Kimberly A. Smith
      Attorneys for Defendant, SAN FRANCISCO
      UNIFIED SCHOOL DISTRICT