Lenore Silverman, SBN 146112
lsilverman@fagenfriedman.com
Kimberly A. Smith, SBN 176659
ksmith@fagenfriedman.com
FAGEN FRIEDMAN & FULFROST, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Phone: 323-330-6300
Fax: 323-330-6311

Attorneys for Defendant, SAN FRANCISCO UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| A.B., a minor, By and Through W.F.B., His Guardian Ad Litem,<br><br>Plaintiff,<br><br>vs.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. C 07-4738 (PJH)<br><br>**DEFENDANT SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   July 23, 2008<br>        *continued from June 25, 2008*<br>Time:   9:00 a.m.<br>Crtrm.:  3 |

/ / /

/ / /

/ / /

00239.00115/79416.1                                               C 07-4738 (PJH)

# TABLE OF CONTENTS

**Page**

I. PLAINTIFF CANNOT AVOID APPLICATION OF THE APPLICABLE THREE YEAR STATUTE OF LIMITATIONS ................................................................................. 1

II. NOTICE TO THE SCHOOL DISTRICT IS A PROPER EQUITABLE CONSIDERATION IN AWARDING REIMBURSEMENT FOR PRIVATELY PROCURED SERVICES ........................................................................................................ 2

III. EXCEPT AS FOUND BY THE ALJ, THE DISTRICT PROVIDED PRIOR WRITTEN NOTICE TO PLAINTIFF'S REQUESTS FOR ASSESSMENTS, PLACEMENT AND SERVICES ....................................................................................... 5

    A. Plaintiff May Not Raise a New Issue on Appeal. ................................................... 5

    B. The ALJ Correctly Held That Where Prior Written Notice Was Required But Not Given, the Error Was Harmless. ............................................................. 6

    C. Second Grade ........................................................................................................ 7

    D. Third Grade .......................................................................................................... 8

    E. Fourth Grade ........................................................................................................ 9

IV. PLAINTIFF HAS FAILED TO DEMONSTRATE A BASIS FOR ADDITIONAL REIMBURSEMENT IN THIS CASE ........................................................................ 10

V. CONCLUSION ........................................................................................................ 12

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California  90048
Main: 323-330-6300 • Fax: 323-330-6311

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.,* 267 F.3d 877 (9th Cir. 2001).................6

*Bazuaye v. I.N.S.,* 79 F.3d 118 (9th Cir. 1996)..............................................................................5

*Bd. of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley ("Rowley"),*
458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982) .............................................................7, 10

*Florence County Sch. Dist. v. Carter,* 510 U.S. 7, 114 S.Ct. 361, 126 L.Ed.2d
284 (1993) .........................................................................................................................................4

*Forest Grove Sch. Dist. v. T.A.,* 523 F.3d 1078 (9th Cir. 2008) .....................................................2

*Gregory K. v. Longview Sch. Dist.,* 811 F.2d 1307 (9th Cir. 1987)..........................................7, 10

*K.S. ex rel. P.S. v. Fremont Unified Sch. Dist.,* 2008 WL 509422 (N.D.Cal. 2008) ...................6-7

*M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.,* 226 F.3d 60, (2nd Cir. 2000) ............................3

*S.B. v. Pomona Unified Sch. Dist.,* 2008 WL1766953 (C.D.Cal. 2008) ........................................1

*Sch. Comm. of Burlington v. Dep't of Educ. of Mass. ("Burlington"),* 471 U.S. 359,
105 S.Ct. 1996, 85 L.Ed.2d (1985) ..........................................................................................3, 10

*Shaw v. District of Columbia,* 238 F.Supp.2d 127 (D.D.C. 2002) .................................................7

*U.S. v. Rozet,* 183 F.R.D. 662 (N.D.Cal. 1998) ........................................................................5-6

*Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J,* 502 F.3d 811 (9th Cir. 2007)........................6

*W.G. v. Bd. of Trustees of Target School No. 2,* 960 F.2d 1479 (9th Cir. 1992)..............................6

**ADMINISTRATIVE DECISIONS**

*In re Birmingham School Dist.,* 103 LRP 21179, *3 (Michigan State Educational
Agency March 15, 2001) ..............................................................................................................4

*In re Board of Education of the Chatham School Dist.,* 107 LRP 53516 (New York
State Educational Agency August 16, 2007)..................................................................................3

///

///

///

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main: 323-330-6300 • Fax: 323-330-6311

**FEDERAL STATUTES**

20 U.S.C. §1412(a)(10)(C) .................................................................................................. 2, 10

20 U.S.C. § 1412(a)(10)(C)(iii) ................................................................................................ 4

20 U.S.C. §1415(c)(1) ........................................................................................................... 8, 9

20 U.S.C. §1415(c)(1)(A) .......................................................................................................... 6

20 U.S.C. §1415(i)(2)(A) ........................................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant San Francisco Unified School District ("District") presents the following reply to Plaintiffs' Opposition to its Motion for Summary Judgment in this action. In his opposition, Plaintiff has failed to point this Court to any evidence in the administrative record or any pertinent legal authority which would require this Court to reverse or modify the decision by Administrative Law Judge ("ALJ") Deirdre Johnson in the underlying administrative special education "due process" proceeding. Thus, the District respectfully requests that the Court grant the District's Motion and fully affirm the decision of ALJ Johnson.

## I. PLAINTIFF CANNOT AVOID APPLICATION OF THE APPLICABLE THREE YEAR STATUTE OF LIMITATIONS

Plaintiff renews his argument that any statute of limitations issue must consider that a denial of FAPE is a "continuing violation." (Plaintiff's Opposition at 1:12-13.) In support, Plaintiff cites *S.B. v. Pomona Unified Sch. Dist.,* 2008 WL1766953 (C.D.Cal. 2008) which "did not address the issue of statute of limitations, but [allegedly] provides insight into" the issue. (Opposition at 1:14-16.) This, however, is both inadequate and a substantial distention of the findings in this decision.

In *S.B.,* the Central District examined the procedural violation of omitting a general education teacher from the IEP team. The court then analyzed whether that omission led to a deprivation of educational benefit. By concluding that it had, and noting that the deprivation lasted over time, the court did nothing more than note a cause and effect relationship between the violation and the effect on the student's education. *S.B.* did not evaluate whether the initial alleged violation fell within the statute of limitations. In fact, the case contains no statute of limitations discussion at all.

/ / /

/ / /

/ / /

Ultimately, the questions to be resolved are (1) when did alleged violation occur and (2) does that date falls within the limitations period? Here, violations associated with Plaintiff's March 2003 IEP fall outside the October 6, 2003 cut-off in this case. [AR 2388 (n. 3); 2426 (¶¶ 165-166).]

## II. NOTICE TO THE SCHOOL DISTRICT IS A PROPER EQUITABLE CONSIDERATION IN AWARDING REIMBURSEMENT FOR PRIVATELY PROCURED SERVICES

In his opposition, Plaintiff states that the District "suggest[s] that a notice requirement exists … where a parent supplements their child's public school program." (Opposition at 2:18-19.) This was not merely a suggestion but the position which the District took in its Motion. Specifically, the District argued that reimbursement can only be awarded where the District failed to offer FAPE, the private services are appropriate *and* notice is given at the most recent IEP team meeting or by written notice ten business days prior to the change in placement. The District also cited to the evidence that Plaintiff's mother repeatedly obtained private services without giving any notice to the District of her intent to seek reimbursement. (District's Motion at 6:2-4; 7:1-4; 7:27-8:2; 8:11-13.)

In his Opposition, Plaintiff argues that notice is required only when a student completely removes a student from the public school and, because Plaintiff attended at a District school, no notice was required for privately procured services. [Opposition at 2:16-3:4.] In support, Plaintiff cites to *Forest Grove Sch. Dist. v. T.A.,* 523 F.3d 1078 (9th Cir. 2008). [Opposition at 3:6-10.] However, the question before the Ninth Circuit in *Forest Grove* was whether or not a student can seek reimbursement for private services when they had never attended a District school. *Id.* at 1083. The Ninth Circuit held that the notice requirement of 20 U.S.C. §1412(a)(10)(C) does not apply when the student is receiving *no* special education from the school district. *Id.* at 1087-1088. The opinion is otherwise silent on the issue of reimbursement for supplemental services generally or the notice requirement specifically.

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main: 323-330-6300 • Fax: 323-330-6311

The District contends that the equitable consideration of notice would apply whether the reimbursement sought concerned a full placement or a regimen of services.  Specifically, the Supreme Court has held that the authority to grant reimbursement is discretionary with the courts because "equitable considerations [relating to the reasonableness of the action taken by the parents] are relevant in fashioning relief." *Sch. Comm. of Burlington v. Dep't of Educ. of Mass. ("Burlington")*, 471 U.S. 359, 369-371, 374 105 S.Ct. 1996, 85 L.Ed.2d (1985).  *See also, M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.,* 226 F.3d 60, 69, n.9 (2nd Cir. 2000) [section 1412 recognizes the "discretion of a court to reduce or bar reimbursement where parents fail to raise the appropriateness of an IEP in a timely manner"]  Further, although the Ninth Circuit has not specifically applied these equitable principals to a request for reimbursement of services only, such rationale has been applied in special education due process matters.

In *In re Board of Education of the Chatham School Dist.,* 107 LRP 53516 (New York State Educational Agency August 16, 2007), the State Review Officer ("SRO") held that parents could not seek reimbursement for services where the first request for reimbursement appeared in the due process complaint.[1]  In that case, the student had been attending a nonpublic school since kindergarten.  As part of his program, he also received consultant teacher services from a private special education teacher.  Just prior to an IEP in June 2006, parents were informed that the consultant services were being discontinued due to a change in state law. *Id.* at 3.  Parents then sought confirmation at the IEP meeting and were advised again that their son would not receive the services. *Id.* at 4.  Parents never articulated disagreement with the change at the IEP.  Instead, they filed for due process in August 2006 and, in September 2006, privately procured consultant teacher services without notifying the district.  In mid-October 2006, they amended their complaint to include a request for reimbursement, which the SRO denied. *Id.* at 4, 10.

/ / /

---

[1] This case was heard in a "two-tier" state where an impartial hearing officer first heard the matter which was then appealed to the State Review Officer.  A copy of this and all other administrative decisions cited in this brief are attached hereto as Exhibit 1 for the Court's reference

> I now turn to whether petitioners' claim is supported by equitable considerations, the third criterion for reimbursement. The impartial hearing office found that the failure of petitioners to comply with state and federal notice requirements regarding their intent to unilaterally provide private services to their son and seek reimbursement from respondent supported a denial of their request. *** Petitioners argue that the notice requirements do not apply to services and that respondent had both notice and an opportunity to address its concerns *** I am not persuaded by petitioner's arguments.

*Id.* at 10. Specifically, the SRO noted that parents had not objected at the IEP and first conveyed any disagreement by filing for due process. *Id.*

> In addition, petitioners did not provide notice to respondent that they intended to seek reimbursement for private educational expenses until the month after the special education teacher was hired. Under the circumstances, I agree with the impartial hearing officer that the equities do not support petitioners' claim.

*Id.* at 10. *See also, In re Birmingham School Dist.,* 103 LRP 21179, *3 (Michigan State Educational Agency March 15, 2001) ["this Hearing Office concludes that the IDEA private school reimbursement language is instructive with regard to parental obligations when they are seeking reimbursement of other privately obtained services [and] Parents should have given notice … either at the time of the IEP itself or ten (10) business days prior to obtaining the private "related service" evaluations."]

The notice requirement as set forth in 20 U.S.C. § 1412(a)(10)(C)(iii) provides an equitable element to be considered prior to an award of reimbursement. If the notice is not given, a court *may* deny or reduce reimbursement for a private school placement. *Florence County Sch. Dist. v. Carter*, 510 U.S. 7, 11, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993). Thus, it is a remedy which ensures school districts the opportunity to address parent disagreements before money is spent privately. There is no reason to distinguish between private placements and private services and Plaintiff cites to no authority which specifically states that that the failure to give notice of privately procured services cannot affect a parents' claim for reimbursement.

In this case, Plaintiff procured over $100,000 in placements and services over several years. Other than the ESY placements at Quest Camp, Plaintiff's Mother never advised the District that private services were being sought because of a disagreement with the District's program or that she intended to seek reimbursement for those services. It was only upon the filing of the due process complaint that the District knew of this extensive claim. Thus, the District was

4  C 07-4738 (PJH)
DEFENDANT SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S REPLY TO
PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT

1  given no opportunity to address her claims and any request for reimbursement was properly
2  denied accordingly.

3

4  III.  **EXCEPT AS FOUND BY THE ALJ, THE DISTRICT PROVIDED PRIOR
5      WRITTEN NOTICE TO PLAINTIFF'S REQUESTS FOR ASSESSMENTS,
6      PLACEMENT AND SERVICES**

7       The District briefly discussed the issue of whether it provided proper prior written notice
8  of its refusals to assess or change placements in its Motion and incorporates those arguments by
9  reference here. (See, District's Motion at 21:8-22:11.) Importantly, as noted in the District's
10 Motion, ALJ Johnson found that Plaintiff had not specifically identified which "refusals" were at
11 issue in this case. [AR 2428 (¶179).] However, she did rule on the issue with respect to Plaintiff's
12 ESY placements and Mother's request for a neuropsychological assessment which the District
13 addressed in its Motion.  Now, in his opposition, Plaintiff appears to go beyond these topics,
14 making reference to failures to provide prior written notice for assessments, services, an
15 "alternative offer," and "informal notice about services." (Opposition at 4:21-23; 5:1-2.)

16      A.  **Plaintiff May Not Raise a New Issue on Appeal.**

17       The scope of what is raised and argued in Plaintiff's opposition was not raised before the
18 ALJ and was not included in his motion for summary judgment.  To expand this issue now both
19 raises a new issue on appeal and improperly expands his motion for summary judgment.  Either
20 would be improper.

21       A civil action may only be pursued under the IDEA as to those issues which were
22 presented by a complaint at the administrative level.

23      Any party aggrieved by the findings and decision . . . shall have the right to bring a
        civil action *with respect to the complaint presented pursuant to this section*, which
24      action may be brought in any State court of competent jurisdiction or in a district
        court of the United States, without regard to the amount in controversy.
25

26 20 U.S.C. §1415(i)(2)(A) [emphasis added].  Further, "[i]ssues raised for the first time in the reply
27 brief are waived." *Bazuaye v. I.N.S.,* 79 F.3d 118, 120 (9th Cir. 1996); *U.S. v. Rozet,* 183 F.R.D.
28

662, 667 (N.D.Cal. 1998). For both of these reasons, the additional issues should not be considered by this Court.

However, even if the Court considers the expanded issues, Plaintiff does not demonstrate that the District failed to provide prior written notice which resulted in a denial of FAPE. The mere fact that a parent procures private services and the District knows this is not enough to trigger an obligation. (Opposition at 5:4-10.) As noted in the District's Motion and above, Plaintiff's Mother did not let the District know that she wanted reimbursement for the services. (District's Motion at 6:2-4; 7:1-4; 7:27-8:2; 8:11-13.) Thus, there was nothing for the District to "refuse." 20 U.S.C. §1415(c)(1)(A). In fact, the evidence shows that Mother was intentional in not requesting the District's funding of these services, testifying that she provided the services because *she* decided they were necessary and giving no thought as to whether the District's program was adequate.[2] [AR 128:24-129:25; 910:10-20.] Where mother did not advise the District of a request, there can be no requirement for prior written notice in refusing that request.

### B. The ALJ Correctly Held That Where Prior Written Notice Was Required But Not Given, the Error Was Harmless.

Plaintiff argues that the District's refusal to fund ancillary summer services was not harmless error because it infringed upon Mother's ability to meaningfully participate in the IEP process. (Opposition at 6:24-28.) However, as discussed in the District's opposition to Plaintiff's Motion, Courts have interpreted this requirement of "meaningful participation" to encompass the invitation of a parent to the IEP meeting where the educational program is discussed openly and is not predetermined. (See, District's Opposition at 5:17-27, *citing, Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J,* 502 F.3d 811, 828 (9th Cir. 2007); *Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.,* 267 F.3d 877, 894 (9th Cir. 2001); *W.G. v. Bd. of Trustees of Target School No. 2,* 960 F.2d 1479, 1485 (9th Cir. 1992); *K.S. ex rel. P.S. v. Fremont Unified Sch. Dist.,* 2008

---

[2] Additionally, the private speech therapist working with Plaintiff testified that Mother was motivated by the desire to see her son to excel, even beyond his own grade level, rather than providing FAPE. [AR 350:10-351:16.]

WL 509422, *10 (N.D.Cal. 2008).)

Plaintiff cites to no evidence or authority to support the assertion that Mother was denied the opportunity to meaningfully participate. In fact, the evidence clearly establishes that she attended all IEP meetings and *actively* participated in those meetings. The IEPs reflect her comments and incorporate documents provided by her to the IEP team. [AR 87:8-21; 85:14-89:23; 90:21-91:9; 92:1-15; 134:9-135:13; 156:24-157:23; 752:21-753:16; 754:10-11; 877:16-878:15; 1115:3-1116:2; 1137:5-14; 1283:1-19; 1318:6-9; 2785-2790; 3104-3129.] In between IEP meetings, Mother frequently corresponded with the District and spoke to District personnel. [AR 144:17-24; 145:19-148:9; 149:23-150:17; 165:4-11; 175:14-177:20; 178:24-180:8; 181:17-182:24; 180:19-184:8; 184:22-185:23; 407:10-408:9; 450:3-452:19; 478:6-479:4; 483:6-19; 759:22-760:10; 760:14-761:24; 813:15-815:2; 833:4-13; 842:21-843:21; 848:2-4; 849:10-851:10; 1000:17-1002:1; 1013:19-1016:3; 1017:11-25; 1088:1-9; 1102:5-12; 1110:16-21; 1148:7-21; 1339:1-9; 1360:7-1361:1; 1390:15-24; 1397:8-19; 1406:20-1407:4; 2785; 2803; 2820-2821; 2823; 2830; 2892-2893; 3206-3210.] Thus, Mother was not only provided a meaningful opportunity to participate in the IEP process but also exercised that right.

Importantly, Plaintiff cannot equate meaningful participation with a District's concession to a parent's every request. *Shaw v. District of Columbia,* 238 F.Supp.2d 127, 139 (D.D.C. 2002) [the student's education must not be "designed according to the parent's desires."]; *Bd. of Educ. of the Hendrick Hudson Central Sch. Dist. v. Rowley ("Rowley")*, 458 U.S. 176, 207-208, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982); *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1314 (9th Cir. 1987) [districts must only offer a basic floor of opportunity, even if parent's preferred program will confer a greater benefit]. Thus, a school district's refusal of a parent request is not necessarily a denial of a parent's right to participate in the IEP process.

C.  **Second Grade**

Regarding ESY 2004, Plaintiff argues that that IEP cannot be considered prior written notice. However, what it reflects is that the District offered an ESY program and Mother advised the team of her plans to send him to Quest Camp. [AR 3129, 3325.] ALJ Johnson concluded that

District did not see this as a request for a change in placement but made clear that it's ESY program was the offer. [AR 2429 (¶180).] Additionally, because the IEP documents for March-May 2004 indicate a full review of Plaintiff's present levels and progress, with recommendations for his program and services, the IEP documents do satisfy the requirements for prior written notice, including the fact that Mother was advised of her procedural rights. 20 U.S.C. §1415(c)(1); [AR 2428 (¶178); 2429 (¶180); 3129].

Further, ALJ Johnson did not just rely on actions taken in the 2004 IEP to hold that the District did not fail to give prior written notice of its refusal to fund Quest Camp in 2005 and 2006, as alleged by Plaintiff. [Opposition at 7:15-18.] Rather, she held that the IEPs for 2004, 2005 *and* 2006 each individually satisfied the requirement for the ESY placements for those respective years. [AR 2430 (¶185); 2446-2447 (¶¶ 49-50).] Where ALJ Johnson noted that the information concerning the District's 2004 ESY program should carry forward from year to year went to the issue of whether a clear written offer had been made. Specifically, as between 2004, 2005 and 2006, she noted that Plaintiff's argument that the offer was not clear weakened over time as the offer each year was the same. [AR 2427-2428-2429 (¶¶174-177); 3196.]

Plaintiff also notes a failure to give prior written notice for a refusal to incorporate Dr. Nunno's report in the IEP. [Opposition at 7:5-7.] First this is a new claim on appeal. Second, it is without merit, as the May 18, 2004 IEP notes that Mother advised the team of these results and that a formal report was not yet available. [AR 2394 (¶21); 3325]. This report was later provided and the ALJ concluded that Dr. Nunno's recommendations were taken into consideration at Plaintiff's triennial review in March 2005. [AR 2396, 2398-2399, 2401-2402, 2407 (¶¶ 28, 39, 46, 47, 52, 76); 3129.] Importantly, there is no specific "refusal" by the District which would require prior written notice.

D.   **Third Grade**

Plaintiff argues in great detail why the District failed to give prior written notice of its rejection of services for ESY 2005 in a May 27, 2005 letter. (Opposition at 7:22-8:3.) However, the ALJ held that prior written notice was satisfied by the IEP, not this correspondence. [AR 2446-2447 (¶49-50.)] That IEP clearly conveyed that the District had a program to offer Plaintiff

Fagen Friedman & Fulfrost, LLP
6300 Wilshire Boulevard, Suite 1700
Los Angeles, California 90048
Main: 323-330-6300 • Fax: 323-330-6311

1  in a special day class. [AR 3271-3272.] The offer further clarified that, as there was no general
2  education summer school option, the special day class was provided so that special education
3  students could receive instruction at the appropriate grade level. [AR 3272.] Additional specifics
4  about the services and supports that would be provided were also noted. Finally, the IEP indicates
5  that Mother was advised of her procedural rights. [AR 2848.]

6  For his third grade year, Plaintiff also cites the District's alleged failure to provide an
7  assessment after promising to do so. This is not actually an allegation of prior written notice.
8  Moreover, Plaintiff received reimbursement for his private assessment as a remedy. Thus it is
9  unclear how Plaintiff either relates this occurrence to the issue or prior written notice or otherwise
10 ties it into an additional remedy. Finally, the ALJ was clear that the failure to complete the
11 assessment was harmless error because it was not required at the time. [AR 2399 ¶42.] While
12 Plaintiff questions this determination, he fails to point to any evidence which warrants a different
13 finding. (Opposition at 8:11-13.)

14 Plaintiff again summarily alleges that these failures to provide prior written notice
15 inhibited Mother's participation in the IEP process. (Opposition at 8:25-9:3.) For the reasons
16 already cited, there is no evidence which shows that the District interfered with her participation.

17     E.    **Fourth Grade**

18 For this school year, Plaintiff cites only the refusal to fund ESY, arguing again that the IEP
19 was insufficient. Again, the District contends that the IEP adequately provided the elements of
20 prior written notice in that it includes a full review of Plaintiff's progress, present levels of
21 performance, program and services. [AR 3246-3269.] It also indicates that Mother received
22 notice of her procedural rights. [AR 3268.]

23 Prior written notice is a procedural protection for the families of special education students.
24 It ensures that the District communicates the full basis for its decision regarding a service or
25 program and provides the family with information concerning their procedural rights. 20 U.S.C.
26 §1415(c)(1). Thus, as the ALJ concluded, the IEP does meet the statutory requirements for prior
27 written notice.
28

However, even if this Court believes that ALJ's analysis is incorrect, it should still conclude, as ALJ Johnson did with the supplementary services, that the failure to provide prior written notice was harmless.  This is because Plaintiff failed to prove that the program and services he received were required to provide FAPE.  [AR 2446-2447 (¶¶49-50).]

## IV.  PLAINTIFF HAS FAILED TO DEMONSTRATE A BASIS FOR ADDITIONAL REIMBURSEMENT IN THIS CASE

Plaintiff argues that further reimbursement is warranted in this case because "SFUSD was uncooperative and the services were reasonable." (Opposition at 9:16-17.)  However, this does not even approximate the analysis that must be undertaken to evaluate a claim for reimbursement.  Most importantly, the District must have failed to offer FAPE and the private services must adequately provide that FAPE.  *Burlington*, 471 U.S. at 369-371; 20 U.S.C. § 1412(a)(10)(C). Additionally, the fundamental IDEA principle that FAPE is the provision of a "basic floor of opportunity" must be kept in mind.  *Rowley*, 458 U.S. at 201.  If the District's program was designed to meet the student's unique needs, provide some educational benefit, comport with the IEP, and offered in the least restrictive environment, the District has offered FAPE.  Moreover, whether the parent's elected program can provide a greater benefit to the student is irrelevant. *Rowley*, 458 U.S. at 207-208; *Gregory K.*, 811 F.2d at 1314.

In support of further reimbursement, Plaintiff cites the District's failure to respond to Mother's requests.  (Opposition at 10:18-21; 11:6-10.)  However, the evidence does not support this claim and the District's so-called "uncooperative behavior" does not equate with the failure to provide FAPE.  As discussed above, the District fully and cooperatively engaged with Mother in providing Plaintiff with a program and services to meet his unique needs.  The District is still the primary party responsible for providing FAPE and it cannot let a parent's desires drive its choices.

Plaintiff also fails to point to adequate evidence that the District failed to offer FAPE and the private services provided FAPE.  Plaintiff's citation to benefits from the services is insufficient. (Opposition at 12:12-17; 13:17-14:2; 15:16-16:15; 17:3-13.)  Unless and until there is a finding that the District denied FAPE, such benefit is wholly irrelevant.  *Burlington,* 471 U.S.

at 369-371; *see also,* Plaintiff's Opposition at 13:8-12. Plaintiff's conclusory statement that the District denied a FAPE is simply not supported by citations to evidence in the record. (Opposition at 13:13.)

Finally, Plaintiff's citations to Dr. Nunno's and Dr. Guterman's reports fall short of establishing a denial of FAPE by the District.[3] As discussed in the District's opposition, Dr. Nunno's report did not require a change in Plaintiff's program or services. He provided no testimony at hearing, his written report was overly general in its recommendations and he failed to address the adequacy of the District's program by reviewing Plaintiff's progress under the services being received. (District's Opposition at 15:22-16:4; 22:17-23:14.) Similarly, Dr. Guterman's critique of District assessments does not support the conclusion that the services provided by the District denied FAPE. (See, District's Opposition at 23:15-24:9.) She recommended a District placement, an aide, follow up at home and several assessments, all consistent with the District's program. [AR 2890-2891.]

The fundamental requirements for reimbursement are missing in this case. Except as already decided by the ALJ, Plaintiff has not shown a failure to provide FAPE by the District, remedying by the provision of FAPE by Mother, together with adequate and proper notice to the District. Thus, this Court should uphold the ALJ's decision and award no further reimbursement in this case.

/ / /

/ / /

/ / /

---

[3] Plaintiff even states that the report merely provides "guidance as to what programs should have been provided" rather than being evidence of why the District's program was inadequate and the recommended program was required in its stead. (Opposition at 12:1-4.)

## V. CONCLUSION

As discussed in the District's motion and opposition to Plaintiff's motion, Plaintiff fails to cite to any evidence or legal authority which sufficiently challenges ALJ Johnson's thorough and careful decision. Thus, the District requests that decision in its entirety and grant its motion for summary judgment in this matter.

DATED: June 18, 2008     FAGEN FRIEDMAN & FULFROST, LLP


By: /s/ Kimberly A. Smith
Kimberly A. Smith
Attorneys for Defendant San Francisco Unified
School District

12     C 07-4738 (PJH)
DEFENDANT SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S REPLY TO
PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT